**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sundance Burke, as surviving spouse and substitute party for Kay Lynn Burke,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-22-01626-PHX-DGC<br><br>**ORDER** |

Plaintiff Kay Lynn Burke, through her husband Sundance Burke, seeks judicial review of the final decision of the Commissioner of Social Security which denied her claim for surviving divorced spouse insurance benefits under § 402(e) of the Social Security Act. For reasons stated below, the Court will affirm the decision.

**I.   Background.**

Plaintiff Kay Lynn Burke married Joseph Davis in December 1978. Tr. 16, 54. She and Mr. Davis divorced in November 1989, over ten years later. Tr. 16, 54. Plaintiff applied for disability insurance benefits in 1994 and was found disabled and entitled to benefits in 1995. Tr. 16, 120. In July 2004, at age 57, Plaintiff married Sundance Burke. Tr. 16. Her former husband, Mr. Davis, died in September 2017. Tr. 16. Plaintiff and Mr. Burke remained married until she died in February 2022, after which Mr. Burke became the substitute party in this case. Tr. 148-49. The Court will use "Plaintiff" throughout this order to refer to Kay Lynn Burke.

The Social Security Act (the "Act") provides that widows and divorcees of deceased insured persons may in certain situations receive a portion of the deceased person's social security benefits. 42 U.S.C. § 402(e). Plaintiff, as the surviving divorced wife of Mr. Davis, applied for these benefits on May 5, 2018, at the age of 71. Tr. 56-60. The Social Security Administration ("SSA") denied the claim (Tr. 61-63), and Plaintiff filed a request for reconsideration which was denied on July 30, 2018. Tr. 64-67. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on December 12, 2019. Tr. 19-50. The ALJ denied Plaintiff's request for benefits on June 3, 2020 (Tr. 9-17), and this decision became final when the Appeals Council denied review (*see* Tr. 1-5).

Plaintiff brought this action for judicial review in September 2022. Doc. 1. The parties briefed the issues after receipt of the certified administrative transcript. Docs. 20, 24, 29. The Court heard oral argument on November 29, 2023.

**II.    Standard of Review.**

The Court reviews only those issues raised by the party challenging the ALJ's decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may reverse the decision if it is based on legal error or is not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

The Commissioner's interpretation of social security statutes or regulations is entitled to deference. *See Campbell ex rel. Campbell v. Apfel*, 177 F.3d 890, 893 (9th Cir. 1999) (regulation and statute); *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (statute); *Esselstrom v. Chater*, 67 F.3d 869, 872 (9th Cir. 1995) (regulations). "Before deferring to agency interpretation," however, a court must "independently examine the text and context of the statute." *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). If the statute is unambiguous, the court does not defer to the agency's interpretation. *Id.* A court need not accept an agency's interpretation of its own regulations if that interpretation is inconsistent with the wording of the regulations or the statute under which the regulations were promulgated. *Esselstrom*, 67 F.3d at 872.

**III.     Discussion.**

     **A.     Relevant Portions of the Act and the Issue in This Case.**

Section 402 of the Act identifies various classes of persons entitled to social security benefits. Subsection 402(e), titled "Widow's insurance benefits," extends certain benefits to widows and surviving divorced spouses of individuals who died fully insured under the Act. 42 U.S.C. § 402(e). A "surviving divorced wife" – the relevant category for purposes of this case – is defined as a woman divorced from a husband who has died, provided she was married to him for a period of 10 years immediately before the divorce. 42 U.S.C. § 416(d)(2).

To qualify for benefits as a surviving divorced wife under § 402(e), a woman must show that she: (A) is unmarried, (B) meets certain age and disability requirements, (C) has applied for the insurance benefits, and (D) is not entitled to old-age benefits exceeding half the value of her potential benefits under § 402(e). *See* § 402(e)(1)(A)-(D). The Court will refer to these as the "general requirements" for benefits under § 402(e).

Plaintiff cannot satisfy the first of these general requirements because she was not unmarried when she applied for benefits in 2018 – she had married Mr. Burke in 2004 and remained married to him. This fact is not necessarily disqualifying, however, because paragraph 402(e)(3) of the Act creates three specific exceptions to the requirement that Plaintiff be unmarried. The three exceptions are identified by the bolded brackets the Court inserts into the following statutory language from subsection 402(e):

> (3) For purposes of paragraph (1), if --
>
> (A) **[1]** a widow or surviving divorced wife marries after attaining 60 (or **[2]** after attaining age 50 if she was entitled before such marriage occurred to benefits based on disability under this subsection), or
>
> (B) **[3]** a disabled widow or disabled surviving divorced wife described in paragraph (1)(B)(ii) marries after attaining age 50.
>
> Such marriage shall be deemed not to have occurred.

42 U.S.C. § 402(e)(3).

So, if Plaintiff satisfied any of the three criteria in paragraph 402(e)(3), her marriage to Mr. Burke is deemed not to have occurred and she could receive surviving divorced spouse benefits under subsection 402(e) if she satisfies the other general requirements of the subsection. The parties do not dispute that Plaintiff satisfies the other general requirements.

This case therefore focuses on the exceptions set out in paragraph 402(e)(3), but it is even narrower than that. Plaintiff's counsel agreed at oral argument that Plaintiff does not satisfy the first part of paragraph 402(e)(3)(A) – identified in the language quoted above as exception [1] – because she did not marry Mr. Burke after she was 60. They married when she was 57. Plaintiff's counsel also agreed that Plaintiff does not satisfy the exception in paragraph 402(e)(3)(B) – identified above as exception [3] – because that exception incorporates paragraph 402(e)(1)(B)(ii), which requires applicants to be between the ages of 50 and 60 when they apply for benefits. *See* 42 U.S.C. § 402(e)(1)(B)(ii); 20 C.F.R. § 404.336(e)(3). Plaintiff applied at age 71. Thus, the only issue in this case is whether Plaintiff satisfies the exception in the parenthetical of paragraph 402(e)(3)(A) – identified above as exception [2] – which requires that she married after age 50 and "was entitled before such marriage occurred to benefits based on disability under this subsection." 42 U.S.C. § 402(e)(3)(A). Everyone agrees Plaintiff married after age 50, so the focus in this case is on whether she "was entitled before such marriage occurred to benefits based on disability under this subsection." *Id.*

Plaintiff claims that she satisfies this requirement because she was disabled and receiving disability benefits before she married Mr. Burke. Defendant contends that the requirement is more specific: It is not enough that Plaintiff was disabled and receiving social security disability benefits before her second marriage; the language of the parenthetical states that she must have been entitled before the marriage to disability benefits "under this subsection." Defendant reads these words to mean "under subsection 402(e)" – that is, Plaintiff must have been entitled to surviving divorced spouse benefits based on disability under subsection 402(e) before she married Mr. Burke. Defendant notes

that Plaintiff could not have been entitled to such benefits when she remarried in 2004 because her former spouse, Mr. Davis, was still alive. He did not die until 2017. Plaintiff therefore was not a "surviving divorced wife" when she married Mr. Burke and, even if disabled, was not entitled to "surviving divorced wife" benefits under § 402(e).

This presents a question of statutory interpretation. The Court must decide which reading of the parenthetical is correct. The Court will, as always on a question of statutory interpretation, look first to the language of the Act. The Court will then look, if necessary, to regulations promulgated by SSA and the legislative history and purpose of the Act.

### B. Statutory Language.

Plaintiff argues that the words "under this subsection" in the parenthetical constitute a cross-reference to § 423 of the Act, which describes when people are considered disabled and entitled to disability benefits. Doc. 29 at 4-5. Because she was disabled and entitled to disability benefits as of 1995, and did not marry Mr. Burke until 2004, Plaintiff claims that she "was entitled before such marriage occurred to benefits based on disability under this subsection." 42 U.S.C. § 402(e)(3)(A). Plaintiff notes that other portions of § 402(e) cite to § 423 when discussing disability benefits, and argues that paragraph 402(e)(3)(A) is meant to extend benefits to all former spouses who are disabled at the time of their remarriage. Doc. 29 at 4-5. For several reasons, the Court does not agree.[1]

First, the Court cannot agree that the words "under this subsection" mean "under section 423." The words refer to a specific subsection – "this subsection" – which clearly means the subsection in which the words are found – subsection 402(e). This reading is confirmed by the fact that "subsection" is used throughout § 402 to refer to lowercase letter subsections. *See* § 402(a)(3) (referring to "subsection (q) and subsection (w)"); § 402(b)(1) ("subsection (s)"); § 402(c)(3)(a) (subsections (b), (e), (g), and (h)); and (f)(1)(C)(ii)(II) ("subsection (a)"); *see also Allen v. Berryhill*, No. 1:17-CV-00239-DAD-JDP, 2019 WL 415034 (E.D. Cal. Feb. 1, 2019*), aff'd sub nom. Allen v. Kijakazi*, 35 F.4th 752 (9th Cir.

---

[1] Plaintiff's brief makes other arguments about the "same subject canon" and verb tenses that the Court does not understand. Doc. 29 at 4-6. They are not persuasive.

2022) (referring to "subsection (x)" of § 402); *Goldstein v. Berryhill*, No. 5:13-CV-03504-HRL, 2018 WL 2430877 (N.D. Cal. May 30, 2018), *aff'd*, No. 18-16260, 2019 WL 3023565 (9th Cir. Jan. 24, 2019) (referring to "subsection (q)" of § 402). It follows that the words "this subsection" refer to subsection 402(e).

Second, there are several references to § 423 within § 402, and in each of these the Act specifically names § 423. *See, e.g.*, 42 U.S.C. § 402(d)(1)(B) (referencing § 423 for the purposes of defining disability in child's insurance benefits), § 402(t)(1) (disallowing benefits under § 423 to certain non-citizens); § 402(e)(1)(B)(ii) (referring to § 423(d) for the purposes of defining what it means to be "under a disability"). Section 423 is not named in the parenthetical as issue in this case, and Plaintiff points to no other provision in § 402 where the statute refers to § 423 simply as a "subsection" or without identifying it explicitly.

Third, to give § 402(e)(3)(A) Plaintiff's meaning would be to render the words "under this subsection" superfluous. Because "disability" in subsection 402(e) is specifically defined to have the meaning found in § 423(d) (*see* § 402(e)(1)(B)(ii)), the wording of the parenthetical – "based on disability under this subsection" – would be a redundancy if "under this subsection" also referred to § 423. It would essentially say "based on a § 423 disability under § 423." The Court must "give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001). The Court will not adopt an interpretation that renders the phrase "under this subsection" superfluous. The more reasonable reading is to give these words their plain meaning – "under this subsection" means "under subsection 402(e)."

Plaintiff's counsel made an additional argument during the hearing. He asserted that the word "entitled" in the parenthetical – that "she was *entitled* before such marriage occurred to benefits based on disability under this subsection" – does not mean presently entitled. Plaintiff's counsel noted that it would not be incorrect to say that his wife is "entitled" to benefits under his life insurance policy even though he has not died, because the insurance policy has been purchased and paid for and she will receive the benefits when

he dies. Similarly, he argued, Plaintiff – who admittedly was disabled – would be entitled to surviving divorced spouse benefits when Mr. Davis died, and therefore could be said in 2004 to be "entitled" to such benefits within the meaning of the parenthetical even though Mr. Davis did not die for another 13 years.

While this may be an acceptable use of the word "entitled" in general conversation, the Court cannot agree that it is what the statute means. Subsection 402(e) itself sets forth the requirements for when an applicant is "entitled" to surviving divorced spouse benefits. As already noted, the subsection contains four general requirements. *See* 42 U.S.C. § 402(e)(1)(A)-(D). It then states that a person who satisfies these requirements "shall be *entitled* to a widow's insurance benefit[.]" *Id.* (emphasis added). The word "entitled" thus has a specific meaning in subsection 402(e), of which the parenthetical is a part. Significantly, the four general requirements apply only to a widow or a "surviving divorced wife (as defined in section 416(d) of this title)." *Id.* § 402(e)(1). Section 416(d) defines "surviving divorced wife" as "a woman divorced from an individual *who has died*[.]" 42 U.S.C. § 416(d) (emphasis added). Because Mr. Davis had not died before Plaintiff remarried, she was not a "surviving divorced wife" within the meaning of subsection 402(e) when she married, and, by the express terms of that subsection, was not "entitled" to its benefits.

The Court finds that the statutory language at issue in this case is clear. To qualify for the exception to the requirement that she be unmarried when she applied for benefits (§ 402(e)(1)(A)), Plaintiff must have been entitled to benefits under "this subsection" – subsection 402(e) – before she married Mr. Burke in 2004 (§ 402(e)(3)(A)). She was not so entitled. Mr. Davis had not died in 2004, and Plaintiff therefore was not a surviving divorced wife within the meaning of § 402(e) and entitled to benefits under that subsection, as required by the parenthetical. Plaintiff therefore is not deemed unmarried by § 402(e)(3) and cannot satisfy the general requirement in § 402(e)(1)(A) that she be unmarried to receive surviving divorced wife benefits. Under the plain language of the statute, Plaintiff

does not qualify for the benefits. Those benefits therefore cannot be recovered by her Plaintiff-husband, Mr. Burke.

### C.     Relevant Regulations.

Because the language of the statute is clear, the Court need not defer to SSA's regulatory interpretation of the Act. The Court notes, however, that SSA reads the statute the same way as the Court. The three paragraphs of the regulation interpreting § 402(e)(3)(A) and (B) correspond to the three exceptions identified above by the three brackets in the statutory language, and describe individuals eligible for § 402(e)(3)'s three exceptions to the "unmarried" requirement:

> 1. You remarried after you became 60 years old.
>
> 2. You are now age 60 or older and you meet both of the conditions in paragraphs (e)(2)(i) and (ii) of this section:
>    i.  You remarried after attaining age 50 but before attaining age 60.
>    ii. *At the time of the remarriage, you were entitled to widow's or widower's benefits as a disabled widow or widower.*
>
> 3. You are now at least age 50 but not yet age 60 and you meet both of the conditions in paragraphs (e)(3)(i) and (ii) of this section:
>    i.  You remarried after attaining age 50.
>    ii. You met the disability requirements in paragraph (c) of this section at the time of your remarriage (i.e., your disability began within the specified time and before your remarriage).

20 C.F.R. § 404.336(e) (emphasis added).[2]

The italicized language in part 2 of this regulation corresponds to the parenthetical in § 402(e)(3)(A) – exception [2] in the statutory language quoted above – and makes clear that persons who remarry between ages 50 and 60, like Plaintiff, are eligible for benefits not simply by being entitled to general disability benefits under § 423 before they are married, but by being entitled to "widow's or widower's benefits as a disabled widow or

---

[2] The regulations refer only to widows and widowers, but § 402(e) also applies to surviving divorced spouses and the regulations provide no different qualifications they must meet.

widower." *Id.* In other words, applicants must be entitled to benefits under § 402(e) before remarrying. This agrees with the Court's reading of the parenthetical.

### D. Legislative History of § 402(e).

The clear language of the Act also eliminates the need to consult legislative history. The Court notes, nonetheless, that the history supports the Court's reading of the parenthetical. Defendant notes that Congress amended the Act in 1983 to ensure that surviving divorced spouses already receiving benefits on their deceased ex-spouses' records would not lose those benefits if they married before 60. Doc. 24 at 10-11. Defendant points to § 131 of the House report for the Social Security Amendments of 1983, which reads: "Your Committee's bill provided that the social security benefits of a disabled widow(er) or a divorced disabled widow(er) would not terminate if the beneficiary remarried before age 60." H.R. Rep. No. 98-25(I) at 251-52, 1983 WL 25297, at *33 (Mar. 24, 1983). This intent – to prevent qualifying surviving divorced spouses from losing their benefits upon remarriage before age 60 – is consistent with the Court's reading of the parenthetical. As construed in this order, the parenthetical applies to spouses who, before their remarriage, are "entitled" to surviving spouse benefits under § 402(e). The parenthetical provides that they do not lose those benefits by remarrying, as intended by Congress.

### E. Plaintiff's Cases.

Plaintiff relies on two district court cases to support her position. The Court does not find either case persuasive.

#### 1. *Pirus v. Bowen*.

Plaintiff relies on *Pirus v. Bowen*, No. CV87-1141-IH, 1987 WL 156204 at *2 (C.D. Cal. Nov. 19, 1987). The divorced plaintiff in *Pirus* had remarried, and sought to be deemed unmarried and therefore qualified for surviving divorced wife benefits under the first part of § 402(e)(3)(A) – the part identified as exception [1] in the language quoted above. That provision states that a person will be deemed unmarried if she marries after age 60, which the plaintiff did. The plaintiff represented a class of similarly situated

individuals. The plaintiff's efforts to obtain benefits were blocked by SSA regulations applying § 402(e)(3), which at the time included a subpart (e)(4) stating that a divorced spouse was not entitled to benefits if she remarried before her former spouse died. Even though § 402(e)(3)(A) suggested that all surviving divorced wives who remarried after age 60 would be deemed unmarried, this regulatory language stated that those who had remarried before the death of their former spouse would be ineligible.

The plaintiff claimed that subpart (e)(4) for the regulation was inconsistent with the statutory language of § 402(e)(3)(A) and therefore unenforceable. *Id.* The district court agreed, finding that "the regulation embodied a 'forced statutory construction,' which could not be reconciled with plaintiffs' facial entitlement under the plain terms of the section." *Pirus v. Bowen*, 869 F.2d 536, 539 (9th Cir. 1989).[3] The district court further noted that the legislative history of the Act revealed an intent on the part of Congress to extend benefits to elderly claimants without a penalty for remarriage. *Id*.

In response to the *Pirus* decision, the SSA removed subpart (e)(4) from the regulations. That subpart is not found in the regulations today.

Plaintiff relies on this modification of the regulations to argue that the parenthetical at issue in this case – also found in § 402(e)(3)(A) of the Act – cannot be read to require that her former husband was dead before she remarried. Docs. 20 at 10-14; 29 at 9. The Court is not persuaded by this argument. The SSA's removal of paragraph (e)(4) from the regulations, in response to the *Pirus* decision, did nothing to change the meaning of the statutory language discussed above. And the district court in *Pirus* did not purport to construe that statutory language – it addressed the language before the parenthetical in § 402(e)(3)(A), which sets forth a different exception to the "unmarried" requirement. The district court found the (e)(4) regulation at odds with the plain language of that different

---

[3] The order issued by the district court in *Pirus* does not explain the court's reasoning. The order instead notes that a transcript of the court's August 3 and 6, 1987 hearings would show the court's rationale. *Pirus*, 1987 WL 156204, at *1. The transcript is no longer accessible, but the Ninth Circuit outlined the reasoning of the district court in its opinion affirming the attorneys' fees award made by the district court. *See Pirus*, 869 F.2d at 540. This Court therefore cites to the Ninth Circuit decision for a description of what the district court did.

exception, reasoning that Congress meant to include those who remarried after 60 in the group of persons eligible for widow's benefits. *Pirus*, 869 F.2d at 540 ("Had Congress intended to exclude the Pirus class, the court reasoned, Congress most probably would have included language to that effect[.]").

*Pirus* does not control this case. The parenthetical at issue in this case is clear. As explained above, it applies only to those who were entitled to surviving divorced spouse disability benefits under § 402(e) before they remarried. Plaintiff was not so entitled because she was not a surviving divorced spouse when she remarried.

Plaintiff argues that *Pirus* was affirmed by the Ninth Circuit, but the relevant holding was not. The only issue on appeal was whether the district court properly awarded attorneys' fees to the prevailing plaintiffs. *See Pirus*, 869 F.2d at 538 ("The district court's award of these fees is the only issue before us on this appeal."). To decide that question, the Ninth Circuit had to consider whether the government took a "substantially justified" position under the Act, a question it reviewed only for abuse of discretion. *Id.* at 540. The court of appeals noted that "[w]ere we deciding whether the government's position was 'substantially justified,' we might be inclined to reach a different result from that reached by the district court," but could not find that the district court's decision was so erroneous as to constitute an abuse of discretion. *Id.* The Ninth Circuit decision did not affirm the district court's holding on the merits – a holding that concerned a section of the Act not at issue in this case. *Pirus* does not help Plaintiff.[4]

**2.    *Geertgens v. Colvin*.**

Plaintiff also relies on *Geertgens v. Colvin*, No. 13 CIV. 5133(JCF), 2014 WL 4809944 (S.D.N.Y. Sept. 24, 2014), a case that addressed the same issue as this case. The divorced plaintiff in *Geertgens* remarried before her first husband died, and later sought surviving spouse disability benefits when he passed away. The district court ruled in her favor by relying on the *Pirus* decision and the SSA's removal of paragraph (e)(4) from the

---

[4] Plaintiff's counsel argued at the hearing that this case is controlled by the injunction entered by the district court in *Pirus*. This clearly is not correct. *Pirus* concerned a different statutory provision, and Plaintiff was not a member of the *Pirus* class.

regulations after *Pirus*. *Id.* at *3. The district court held that "[t]his alteration [to the regulation] makes clear that, regardless of any ambiguity in the wording of Section 404.336(e), the regulation does not require a surviving divorced spouse's remarriage to have occurred after the death of the insured individual for the spouse to qualify for widow's insurance benefits." *Id.*

The district court in *Geertgens* never mentioned, much less construed, the language from the statutory parenthetical that controlled that case and controls this one: that the applicant "was entitled before such marriage occurred to benefits based on disability under this subsection." 42 U.S.C. § 402(e)(3)(A). Nor did the court recognize that *Pirus* concerned a separate part of the statute. *Geertgens* is not persuasive authority for Plaintiff's position.[5]

**III. Conclusion.**

The Court concludes that Plaintiff is not entitled to surviving divorced spouse benefits based on disability because she was not entitled to such benefits before marrying Mr. Burke. *See* 42 U.S.C. § 402(e)(3)(A). As a result, the Court will enter judgment in favor of the Commissioner.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for benefits (Tr. 9-17) is **affirmed**. The Clerk of Court shall enter judgment accordingly.

Dated this 1st day of December, 2023.

David G. Campbell
Senior United States District Judge

---

[5] Plaintiff also argues that her position is supported by the public policy favoring marriage and remarriage, but she cites no authority suggesting that the Court can disregard the clear language of the Act on the basis of public policy.